## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between JRP GROUP INVESTMENTS, L.L.C., a Florida limited liability company (the "Company"), JOAO RAMON PEREZ, an individual, and JAYME R. PEREZ (the preceding three parties collectively referred to as the "Defendants"), on the one hand, and RAFAEL RENDON, an individual (the "Plaintiff"), on the other hand.

WHEREAS:

A.  The Plaintiff previously provided services to the Company.

B.  On or about August 6, 2015, the Plaintiff filed a lawsuit against the Defendants in the United States District Court for the Southern District of Florida (the "District Court"), Case No. 15-CV-61620-WJZ (the "Civil Action").

C.  In the Civil Action, the Plaintiff claims that he is entitled to but did not receive from the Defendants certain compensation allegedly owed to him, including not limited to alleged unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended ("Alleged Compensation Amount").

D.  The Defendants expressly deny that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof. Moreover, the Defendants expressly deny each and every material allegation set forth in the Civil Action, and expressly deny having committed any wrong or causing any injury to the Plaintiff.

E.  There are bona fide disputes between the Defendants and the Plaintiff, including but not limited to bona fide disputes as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

F.  In order to avoid the further costs and burdens of litigation, the Defendants and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, the Defendants and the Plaintiff agree as follows:

1.  **Recitals.** The foregoing recitals constitute part of this Agreement.

2.  **Approval and Dismissal.**

(a)    The Parties hereby instruct their respective attorneys to execute and file with the District Court a joint motion to approve this Agreement and to dismiss the Civil Action with prejudice (the "Joint Motion") in the form attached hereto as Exhibit "A," along with the proposed final order attached hereto as Exhibit "B."

(b)    The parties agree to take whatever other actions are necessary to effectuate the approval of this Agreement and the dismissal with prejudice of the Civil Action, including, but not limited to, filing appropriate motions should the District Court deny the Joint Motion or disapprove of this Agreement in whole or in part.

3.    **No Re-Employment.** The Plaintiff agrees and acknowledges that he shall not in the future provide any services to, or be employed by, the Defendants. The Plaintiff further agrees and acknowledges that he will not knowingly accept, apply for, or otherwise seek employment with, or otherwise seek to perform services for, the Defendants, or any of their respective subsidiaries, divisions, related companies, or controlling shareholders (direct or indirect), including but not limited to JRP Group Investments, L.L.C., at any time. In the event that the Plaintiff is inadvertently employed by any of the foregoing (including the provision of services as an independent contractor), then the Plaintiff understands and agrees that he will promptly resign from such employment and/or that the employing person or entity shall be entitled to involuntarily terminate the relationship and such actions shall not be considered an act of retaliation.

4.    **No Other Amounts Owed.**   The Plaintiff represents, warrants, and acknowledges that the Defendants do not owe him any wages, commissions, bonuses, vacation pay, or other compensation or payments of any kind or nature, other than as set forth in this Agreement.

5.    **Acknowledgment of Good Faith Disputed Issues.** The Plaintiff agrees and understands that the amounts paid by or on behalf of the Defendants pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that the Defendants expressly and vigorously deny that the Plaintiff is entitled to receive any relief whatsoever, including but not limited to the Alleged Compensation Amount or any part thereof. The parties agree and acknowledge that there are good faith, bona fide disputes between the Defendants and the Plaintiff, including as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof. The parties further agree and acknowledge that this Agreement represents a fair, reasonable, good faith and arms-length compromise of disputed issues and claims.

6.    **Settlement Amount.** In consideration of this Agreement and the mutual promises set forth herein, and in full, final and complete settlement, the Defendants shall pay or cause to be paid to the Plaintiff and his attorneys, Roderick V. Hannah,

Esq., P.A. ("Hannah"), the total gross amount of Nine Thousand Two Hundred Dollars and No Cents ($9,200.00) (the "Settlement Amount"), as follows:

(a) Of the Settlement Amount, within ten (10) calendar days of Court approval of this Settlement Agreement, delivery of three (3) check to Plaintiff's attorney, Roderick V. Hannah, Esq., as follows:

(i) One check for Five Hundred Thirty-Three Dollars and Fifty Cents ($533.50) made payable to "Rafael Rendon", minus applicable withholdings, representing one third of Plaintiff's recovery attributable to alleged unpaid overtime wages for which an IRS W-2 shall be issued to Plaintiff;

(ii) Second check for Five Hundred Thirty-Three Dollars and Fifty Cents ($533.50) made payable to "Rafael Rendon", without withholdings, representing one third of Plaintiff's recovery attributable liquidated damages and all other damages sought in the Civil Action, for which an IRS 1099 shall be issued to Plaintiff;

(iii) Third check for Two Thousand Dollars and No Cents ($2,000.00) made payable to "Roderick V. Hannah, Esq., P.A.", representing one third of the recovery attributable to claimed costs and attorney's fees, for which an IRS 1099 shall be issued to Roderick V. Hannah, Esq., P.A. (EIN# 83-0456164).

(b) Of the Settlement Amount, within thirty (30) calendar days of the due date for the payments to be made under section 6(a) above, delivery of three (3) check to Plaintiff's attorney, Roderick V. Hannah, Esq., as follows:

(i) One check for Five Hundred Thirty-Three Dollars and Fifty Cents ($533.50) made payable to "Rafael Rendon", minus applicable withholdings, representing one third of Plaintiff's recovery attributable to alleged unpaid overtime wages for which an IRS W-2 shall be issued to Plaintiff;

(ii) Second check for Five Hundred Thirty-Three Dollars and Fifty Cents ($533.50) made payable to "Rafael Rendon", without withholdings, representing one third of Plaintiff's recovery attributable liquidated damages and all other damages sought in the Civil Action, for which an IRS 1099 shall be issued to Plaintiff;

(iii) Third check for Two Thousand Dollars and No Cents ($2,000.00) made payable to "Roderick V. Hannah, Esq., P.A.", representing one third of the recovery attributable to claimed costs and attorney's fees, for which an IRS 1099 shall be issued to Roderick V. Hannah, Esq., P.A. (EIN# 83-0456164).

(c)   Of the Settlement Amount, within thirty (30) calendar days of the due date for the payments to be made under section 6(b) above, delivery of three (3) check to Plaintiff's attorney, Roderick V. Hannah, Esq., as follows:

(i)   One check for Five Hundred Thirty-Three Dollars and No Cents ($533.00) made payable to "Rafael Rendon", minus applicable withholdings, representing one third of Plaintiff's recovery attributable to alleged unpaid overtime wages for which an IRS W-2 shall be issued to Plaintiff;

(ii)   Second check for Five Hundred Thirty-Three Dollars and No Cents ($533.00) made payable to "Rafael Rendon", without withholdings, representing one third of Plaintiff's recovery attributable liquidated damages and all other damages sought in the Civil Action, for which an IRS 1099 shall be issued to Plaintiff;

(iii)   Third check for Two Thousand Dollars and No Cents ($2,000.00) made payable to "Roderick V. Hannah, Esq., P.A.", representing one third of the recovery attributable to claimed costs and attorney's fees, for which an IRS 1099 shall be issued to Roderick V. Hannah, Esq., P.A. (EIN# 83-0456164).

Failure of Defendants to make timely payment of any payment as set forth hereinabove shall constitute a default and breach of this Settlement Agreement by Defendants, and shall entitle Plaintiff to apply for entry of a final default judgment against Defendants, jointly and severally, for the full unpaid balance due of the Settlement Amount, plus any and all costs, expenses, and attorney's fees incurred by Plaintiff in securing such judgment and making any collection thereof.

The Plaintiff and Roderick V. Hannah agree and acknowledge that, as directed by or allocated pursuant to applicable law, the Plaintiff and/or Roderick V. Hannah will be responsible for the payment of any and all taxes with respect to the Settlement Amount, and the Plaintiff and Roderick V. Hannah represent and warrant that such taxes will be timely and fully paid.  The Plaintiff also agrees, warrants and acknowledges that the Defendants shall have no responsibility whatsoever for the payment of any taxes with respect to the Settlement Amount.  Should, for whatever reason, a federal, state or other governmental authority assert that any part of the Settlement Amount is subject to federal, state or other taxation or withholding, the Plaintiff understands and agrees that he is responsible for and shall indemnify and hold harmless the Defendants from the payment of any taxes, interest, penalties, levies or assessments applicable thereto.

7.     **Mutual General Releases.**

(a) The Plaintiff, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Defendants, receipt whereof is hereby acknowledged, hereby *releases and forever discharges* the Defendants and the Defendants' respective parent companies, subsidiaries, divisions, affiliates, related companies (including but not limited to JRP GROUP INVESTMENTS, LLC), predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, through, under, or in concert with any of them (the Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Defendant Releasees"), from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of, any aspect of the Plaintiff's relationship with the Company, the termination of Plaintiff's relationship with the Company, or any agreement concerning such relationship, including, but not limited to:

(i) any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the Fair Labor Standards Act of 1938, as amended, and any and all claims under 26 U.S.C. § 7434;

(ii) any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended, , under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended, under the Florida Civil Rights Act of 1992, as amended, under the Florida Equal Pay Law, as amended, and under the Florida Wage Discrimination Law, as amended;

(iii) any and all claims under any other federal, state, or local wage and hour law, employment law, labor law, civil rights law, human rights law, or workers' compensation law;

(iv)   any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort; and

(v)   any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs;

which, against the Defendant Releasees, the Plaintiff or his heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date the Plaintiff executes this Agreement.

(b)   The Defendants, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Plaintiff, receipt whereof is hereby acknowledged, *release and forever discharge* the Plaintiff and the Plaintiff's heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of, any aspect of the Plaintiff's relationship with the Company, the termination of Plaintiff's relationship with the Company, or any agreement concerning such relationship, which, against the Plaintiff, the Defendants ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever from the beginning of the world to the date the Defendants execute this Agreement.

8.   **Other Facts or Information.**   The Plaintiff and the Defendants understand and acknowledge that there may be facts or information which they do not know or suspect to exist in their favor at the time they execute this Agreement, and they agree that this Agreement is intended to and does extinguish any and all claims they might have based on such facts or information.

9.   **No Other Claims.**   Excepting only the Civil Action, the Plaintiff represents and warrants that he has never commenced or filed, and covenants and agrees never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against the Defendant Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures

to act by the Defendant Releasees, or any of them, which may have occurred or failed to occur before his execution of this Agreement.

10. **No Assignment of Claims.** The Plaintiff represents and warrants that no other person is entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against him by the Defendant Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees which may have occurred or failed to occur before his execution of this Agreement. The Plaintiff further represents and warrants that he has not assigned and will never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, he will cooperate fully with the Defendant Releasees and will move immediately to withdraw his name and to disassociate himself completely from any such claim, will request such person or entity to withdraw such claim with prejudice, and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

11. **Mutual Confidentiality.**

(a) The Plaintiff and the Defendants mutually agree that the terms of this Agreement are strictly confidential and, except pursuant to a subpoena or other legal compulsion, to a Party's spouse, to a Party's legal counsel or tax advisor, to a governmental entity for tax reporting purposes, to enforce this Agreement or for purposes of submitting this Agreement to the District Court for review and approval, shall not be disclosed to any other persons, entities, or organizations, directly or indirectly, without prior written approval of the Plaintiff and the Defendants.

(b) Upon inquiry to the Plaintiff or to the Defendants by any third party, other than those listed in Paragraph 11(a) above, regarding the Civil Action and/or the allegations and claims set forth in the Civil Action and/or this Agreement and/or the settlement of the Civil Action, any response shall be strictly and solely limited to the following verbal communication: "The matter has been resolved and I cannot discuss it any further."

(c) Should the Plaintiff and/or the Defendants become aware of the possibility that the terms and fact of this Agreement may be disclosed as a result of subpoena or other legal compulsion, such Party shall provide notice thereof in writing to the other Party's or Parties' attorneys as set forth in Paragraph 24(a) below within three (3) days of the date that such Party becomes aware of the possibility in order to provide the other Party or Parties with an opportunity to prevent disclosure through a protective order or any other appropriate legal mechanism.

12. **Mutual Non-Disparagement.** The Parties agree that they will not disparage, denigrate or defame each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants will only provide dates of service and positions held.

13. **Severability.** Subject to Paragraph 2(b) above, should any part, term, or provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

14. **Headings.** Headings to paragraphs of this Agreement are to facilitate reference only, do not form a part of this Agreement, and shall not in any way affect the interpretation thereof.

15. **Attorney's Fees and Costs.** In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Agreement, the prevailing party shall be entitled to recover his or its costs and attorneys' fees.

16. **Governing Law and Venue.** This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida and, where applicable, federal law. Any action or proceeding relating to or arising out of this Agreement shall be brought in the District Court, if it should have jurisdiction, or if the District Court does not have jurisdiction, then in a court of competent jurisdiction in Broward County, Florida.

17. **Interpretation.** Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

18. **Entire Agreement/Modifications.** This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties regarding the subject matter hereof, and may not be modified orally.

19. **Non-Admission.** This Agreement is not, and shall not in any way be construed as, an admission by the Defendants or any of the other Defendant Releasees

of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Defendants specifically disclaim any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Defendants or any of the other Defendant Releasees. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

20. **No Other Representations.** The Plaintiff expressly represents, warrants, and acknowledges that the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; that no other promise or agreement of any kind has been made by, to or with any person or entity whatsoever to cause the signing of this Agreement; and that, in executing this Agreement, he does not rely and has not relied upon any representation or statement made by any of the Defendant Releasees or by any of the Defendant Releasees' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

21. **Voluntariness.** The Plaintiff represents and acknowledges that his signature hereon shows that he has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by or on behalf of the Defendants, and that his signature appearing hereon is genuine.

22. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy, facsimile copy, e-mailed copy or scanned copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

23. **Notices.** Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

    (a)    If to the Defendants:

        Isaac Mamane, Esq.
        Mamane Law, L.L.C.
        1150 Kane Concourse, Second Floor
        Bay Harbor Islands, FL 33154
        Telephone 305-773-6661
        E-mail: mamane@gmail.com

 (b) <u>If to the Plaintiff</u>:

   Roderick V. Hannah, Esq.
   Roderick V. Hannah, Esq., P.A.
   8751 W. Broward Blvd., Suite 303
   Plantation, FL 33324
   Telephone (954) 362-3800
   Facsimile (954) 362-3779
   E-Mail: rhannah@rhannahlaw.com

[This space intentionally left blank. Agreement continues on following page.]

24.     THE PLAINTIFF EXPRESSLY REPRESENTS AND WARRANTS THAT HE (a) HAS CAREFULLY READ THIS AGREEMENT; (b) FULLY UNDERSTANDS THE TERMS, CONDITIONS AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAS HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAS HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH HIS ATTORNEYS AND HAS DONE SO; AND (e) HAS EXECUTED THIS AGREEMENT – CONSISTING OF 25 NUMBERED PARAGRAPHS AND A TOTAL OF 16 PAGES – VOLUNTARILY, KNOWINGLY AND WITH THE ADVICE OF HIS ATTORNEYS.

JRP GROUP INVESTMENTS, L.L.C.

By: _____
Joao Ramon Perez
Manager

Dated: 10/21/2015

RAFAEL RENDON

By: _____
Rafael Rendon

Dated: 10-20-15

JOAO RAMON PEREZ

By: _____
Joao Ramon Perez

Dated: 10/21/2015

JAYME R. PEREZ

By: _____
Jayme R. Perez

Dated: 10/21/15

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61620-CIV-ZLOCH

RAFAEL RENDON,

    Plaintiff,

vs.

JRP GROUP INVESTMENTS, LLC, a Florida
limited liability company; JOAO RAMON PEREZ,
individually; and JAYME R. PEREZ, individually,

    Defendants.

_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL AND TO DISMISS ACTION WITH PREJUDICE

Plaintiff and Defendants, by and through their respective undersigned counsel, pursuant to the Court's Notice of Court Practice upon Notice of Settlement of FLSA Case [ECF No. 19], hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1.     Plaintiff's complaint alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay her alleged unpaid overtime wage compensation. Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. The parties agree that there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims.

2.  To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354. Therefore, the Eleventh Circuit reasoned, when a party is represented by counsel it is likely there is a reasonable compromise and the agreement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

3.  The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce the terms of the settlement agreement. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

4.	All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

5.	Attached hereto as Exhibit "A" is a copy of the parties' Settlement Agreement.

6.	To assist the Court in its evaluation of the parties' Settlement Agreement, the following information is provided:

(a)	The parties confirm that their Settlement Agreement attached hereto as Exhibit "A" includes every term and condition of the parties' settlement.

(b)	There are two key factors considered by the parties in reaching a settlement and which justify the compromise of Plaintiff's claims. First, Defendants vigorously deny that Plaintiff was a "non-exempt" employee entitled to overtime compensation defined under the FLSA. Defendants contend that Plaintiff was an commissioned inside sales person exempt form overtime premium compensation under 28 U.S.C. §207(i) of the FLSA. Second, even if Plaintiff was a non-exempt employee under the FLSA, Defendants vigorously deny that Plaintiff ever worked a sufficient number of hours to trigger entitlement to overtime compensation. The parties submit that in light of the disputed issues regarding liability and damages, the compromise of Plaintiff's claims under the FLSA is fair and reasonable and should be approved by the Court. Had this case proceeded forward, it is possible that Plaintiff could have received far less than the compromised amount or nothing at all.

(c) The Plaintiff's attorney's fee amount was separately agreed upon based on the hours spent and rate charged, without any compromise of or deduction from the amount being paid to Plaintiff. The Plaintiff's attorney's fee amount also includes costs advanced by Plaintiff's counsel. Plaintiff's counsel has to date, through preparation, review and approval of the settlement agreement and this Motion, spent 14.6 hours of attorney time on this matter and has expended $1,050.00 in out-of-pocket costs, which includes the initial filing fee and service of process expenses. Deducting costs and expenses from the amount being paid for attorney's fees and costs, the effective hourly rate being paid to Plaintiff's counsel in settlement is $339.04, which the parties agree is fair and reasonable.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Respectfully submitted this ___ day of _____, 2015.

| RODERICK V. HANNAH, ESQ., P.A.<br>Counsel for Plaintiff<br>1250 S. Pine Island Rd., Suite 375<br>Plantation, FL 33324<br>Telephone (954) 362-3800<br>Facsimile (954) 362-3779<br><br>By: *s/ Roderick V. Hannah*<br>   Roderick V. Hannah, Esq.<br>   Florida Bar No. 435384<br>   E-Mail: rhannah@rhannahlaw.com | MAMANE LAW, L.L.C.<br>Counsel for Defendants<br>1150 Kane Concourse, Second Floor<br>Bay Harbor Islands, FL 33154<br>Telephone 305-773-6661<br><br><br>By: *s/ Isaac Mamane*<br>   Isaac Mamane, Esq.<br>   Florida Bar No. 44561<br>   E-Mail: mamane@gmail.com |
|---|---|

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   15-61620-CIV-ZLOCH

RAFAEL RENDON,

    Plaintiff,

vs.

JRP GROUP INVESTMENTS, LLC, a Florida
limited liability company; JOAO RAMON PEREZ,
individually; and JAYME R. PEREZ, individually,

    Defendants.
_____/

### ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** is before the Court upon the parties' joint motion for settlement and to dismiss action with prejudice approval [DE __], and the Court having reviewed the motion and the file in this cause, having reviewed the parties' settlement agreement, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the parties' settlement agreement is approved pursuant Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), as a fair and reasonable compromise of Plaintiff's claims, and this action is **DISMISSED WITH PREJUDICE**, with each party to bear their own attorney's fees and costs, except as set forth in the parties' settlement agreement. The Court reserves jurisdiction to enforce the parties' settlement agreement.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida this ____ day of _____, 2015.

                                                                         WILLIAM J. ZLOCH
                                                                         United States District Judge

Copies furnished to:
All counsel of record